IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIE FRANK BARNES,**
   **Plaintiff,**

vs.                **Case No. 3:05cv444/RV/MD**

**JUDGE E. MASON, et al.,**
   **Defendants.**

## REPORT AND RECOMMENDATION

  Plaintiff, a *pro se* inmate, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The filing fee has been paid, and the complaint has been reviewed pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, dismissal of this cause is recommended.

  Plaintiff is a Florida prisoner currently incarcerated at the Reception and Medical Center in Lake Butler, Florida. He names as defendants three state court judges, a state prosecutor and the chairman of the Florida Parole Commission for allegedly violating his constitutional rights by obtaining revocation of his parole. As relief, plaintiff seeks release from incarceration.

  Since plaintiff is a prisoner, this court is required to review the complaint as soon as practicable after docketing, and dismiss the action if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1). A complaint is frivolous under section 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal

Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim and that dismissal of this action is warranted.

Although plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus--he claims he is illegally incarcerated as a result of the alleged unconstitutional conduct and seeks immediate release. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, when a state prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841. Regardless of the label plaintiff may place on this action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982).[1]

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), dismissal of the instant action is warranted. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and

---

[1] The court cannot *sua sponte* convert plaintiff's case to a § 2254 petition because plaintiff already has such an action pending. See *Barnes v. Florida Parole Commission*, case number 3:04cv272/RS/EMT.

until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487, 114 S.Ct. at 2372.  Absent such an invalidation, the section 1983 suit must be dismissed.  *Id.*

It is clear from the face of the complaint that plaintiff has not obtained an invalidation of his parole revocation.  Therefore, this federal civil rights case should be dismissed without prejudice to its refiling in the event plaintiff obtains an invalidation through habeas corpus or other avenues.[2]

Accordingly, it is respectfully RECOMMENDED that this cause be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and that the Clerk be directed to close the file.

At Pensacola, Florida this 6th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] This should come as no surprise to plaintiff, as a prior civil rights action he filed challenging the revocation of his parole was dismissed on the same grounds.  See *Barnes v. Willis*, case number **3:03cv47/RV/MCR**.

*Case No: 3:05cv444/RV/MD*